[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife was married to the defendant husband in Parava, Portugal, on May 7, 1961. Both of the parties have resided continuously in the state of Connecticut for at least one year prior to the commencement of these proceedings.
No children were born to the wife that are presently minors, although the parties are parents of two adult issue. This is a CT Page 13-D marriage of almost thirty-three (33) years. The parties permanently separated two years ago.
The wife attributes the breakdown to constant drinking and violence on the part of the husband. The court need not recite the litany of abuse heaped upon the wife and children during the course of the marriage. Suffice it to say that it was extensive, and the court attributes the cause, of the breakdown to the husband's aberrant behavior.
At the time of the marriage, and also at the time of their entry to this country in 1970, the parties had no assets. Both of the parties worked very hard and were able to accumulate some significant assets. The husband worked in a factory and in the construction field, although in the last two years he has worked rather sporadically. It appears to this court that the husband does not wish to have his marriage end and that he is extremely angry and agitated by the wife's failure to respond to his overtures to "return home."
The wife also worked during the marriage in a variety of jobs, mostly unskilled. In 1980, she was involved in an automobile accident which resulted in her total disability. She has collected social security benefits since then and presently is paid $745.00 per month. She also collects the rents from joint CT Page 13-E real estate in the amount of approximately $1,000.00 per month. She reports her weekly gross income from both sources as $370.00.
The parties own three parcels of real estate with a total equity of between $480,000 to $500,000. The court is compelled to rely entirely upon the wife and her expert witness since the husband, acting pro se, failed to file an affidavit and offered no testimony as to value.
The Liberty Street property was purchased primarily with funds from the wife's automobile accident settlement. The husband appears to be in good health. He is fifty-five (55) years old and the wife will shortly be fifty-two (52) years old.
From the testimony, it appears that the husband has been earning about $200.00 per week.
Given the circumstances of the parties, this does not appear to be a case where periodic alimony should be ordered for either party.
The court has carefully reviewed all of the evidence and has taken into consideration the mandates of Connecticut General Statutes, Secs. 46b-81 and 46b-82, and it orders as follows:
1. A decree of dissolution is entered. CT Page 13-F
2. No alimony is awarded to either party.
3. The court, by judicial decree, hereby assigns to the wife all of the husband's right, title and interest in the real estate located at 54 Clapboard Ridge Road, Danbury, Connecticut, and in 87-89 Liberty Street, Danbury, Connecticut. The wife shall be responsible for payment of the mortgage, taxes, insurance and other expenses of said premises and shall hold the husband harmless.
4. The court, by judicial decree, hereby assigns to the husband all of the wife's right, title and interest in the real estate located at 9 Nichols Street, Danbury, Connecticut. The husband shall be responsible for the payment of the mortgage, taxes, insurance and other expenses of said premises and shall hold the wife harmless.
5. The husband shall immediately execute and deliver to the wife a mortgage note and deed in the amount of $25,000.00 on the Nichols Street property. Said note shall provide for payment in full, without interest, on or before January 1, 1997.
6. The wife shall be entitled to all of the personal possessions and furnishings located in the family home. The CT Page 13-G husband shall be entitled to keep those properties presently in his possession. In fashioning this order, the court has fully considered the fact that the husband has removed property and has failed to return it in accordance with a prior court order.
7. The 1986 Oldsmobile shall become the sole and exclusive property of the wife, and the husband shall execute and deliver all documents necessary to effect said purpose.
8. The wife shall assign and transfer all of her right, title and interest in the Portugal property to her husband.
9. Each of the parties shall be responsible for his or her own fees and expenses as well as liabilities.
Mihalakos, J.